SYSCO SYRACUSE, LLC, Respondent, v STUART EGAN, III, et al., Appellants. [971 NYS2d 918]—

Appeal from an order of the Supreme Court, Onondaga

County (Deborah H. Karalunas, J.), entered November 8, 2012. The order granted plaintiff a preliminary injunction, which was effective until March 29, 2013, prohibiting defendant Stuart Egan, III from soliciting or assisting anyone else to solicit certain customers of plaintiff that Egan serviced during his last year of employment with plaintiff.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Plaintiff commenced this action seeking to enforce certain provisions of an employment agreement and thereafter moved for injunctive relief. Supreme Court granted a preliminary injunction, which was effective until March 29, 2013, prohibiting defendant Stuart Egan, III from soliciting or assisting anyone else to solicit certain customers of plaintiff that Egan had serviced during the last year of his employment with plaintiff. Inasmuch as the challenged injunction has expired, we dismiss defendants' appeal as moot (*see H. Meer Dental Supply Co. v Commisso*, 269 AD2d 662, 663 [2000]; *see also Confidential Brokerage Servs., Inc. v Confidential Planning Corp.*, 85 AD3d 1268, 1270 n 2 [2011]; *Interface Solutions, Inc. v Donoghue*, 37 AD3d 1127, 1128 [2007]). Contrary to defendants' contention, this case does not fall within an exception to the mootness doctrine (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Defendants contend that the appeal is not moot because the issuance of the injunction "directly bears upon the matters at issue in the plenary action." We reject that contention inasmuch as " '[t]he granting or refusal of a temporary injunction does not constitute the law of the case or an adjudication on the merits' " (*Digitronics Inventioneering Corp. v Jameson*, 11 AD3d 783, 784 [2004]). Present—Centra, J.P., Peradotto, Carni and Lindley, JJ.